UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN PERRY,

Plaintiff,

v. Case No. 8:25-cv-1262-CPT

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant.
_________________________________/

# ORDER

The Plaintiff seeks judicial review of the Commissioner's denial of his claim for Disability Insurance Benefits (DIB). For the reasons discussed below, the Commissioner's decision is affirmed.

## I.

The Plaintiff was born in 1983, completed high school, and has past relevant work experience as a budget technician. (R. 20, 165, 186, 197, 932). In June 2020, the Plaintiff applied for DIB, alleging disability as of September 2019 due to asthma, anxiety disorder, major depressive disorder, post-traumatic stress disorder (PTSD), and cervical degenerative disc/joint disease. (R. 13). The Social Security Administration (SSA) denied the Plaintiff's application both initially and on reconsideration. (R. 1).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in May 2022. (R. 47). The Plaintiff was not represented at that proceeding and testified on his own behalf. *Id.* at 49, 52–67. A vocational expert (VE) also testified. *Id.* at 67–74.

In a decision handed down the same month, the ALJ found that the Plaintiff was not disabled. (R. 10–22). The Appeals Council denied the Plaintiff's subsequent request for review (R. 1–4), which rendered the ALJ's decision to be the final decision of the Commissioner, *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021) (citation omitted).

The Plaintiff responded by filing a federal court action challenging that decision. *See Perry v. Comm'r of Soc. Sec.*, No. 8:22-cv-2196-JRK, (Doc. 1) (M.D. Fla. Sept. 22, 2022). Upon review, the court reversed and remanded the case on the grounds that "the ALJ failed to fully and fairly develop the record on [the] Plaintiff's mental limitations, and [that] there [were] evidentiary gaps [which] result[ed] in clear prejudice." *Id.*, (Doc. 17) (M.D. Fla. Mar. 8, 2024).

On remand, the same ALJ held two additional hearings regarding the Plaintiff's DIB application. (R. 946–97). The Plaintiff was represented by counsel at those proceedings and again testified, as did a VE. (R. 948, 952–62, 966, 973–96). In a decision issued in March 2025, the ALJ determined that the Plaintiff: (1) had not engaged in any substantial gainful activity from his alleged onset date in September 2019 through his date last insured in September 2023; (2) had the severe impairments

of PTSD, asthma, rhinitis, migraines, eczema, anxiety disorder, depressive disorder, cervical osteoarthritis, and degenerative disc disease; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments;[1] (4) had the residual functional capacity (RFC) to perform light work subject to certain exertional and mental limitations; and (5) based on the VE's testimony, could engage in a number of occupations that were sufficiently prevalent in the national economy. (R. 920–33). Given these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 933).

The Plaintiff did not appeal the ALJ's decision to the Appeals Council. As a result, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.900(a), 404.984(d)).[2]

II.

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). A physical or mental determinable impairment under the Act "results

---

[1] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA deems significant enough to prevent a person from performing any gainful activity. *See* 20 C.F.R. § 404.1520(a)(4)(iii). When a claimant's affliction matches an impairment on the list, the claimant is automatically entitled to disability benefits. *See id.*; *see also Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To ascertain whether a claimant is disabled, the Social Security Regulations prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam)[3] (citing 20 C.F.R. § 404.1520(a)(4)). Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals one of the listings; (4) has the RFC to engage in his past relevant work; and (5) can perform other jobs in the national economy given his RFC, age, education, and work experience. *Carter*, 726 F. App'x at 739 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). Although the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020) (citation omitted); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries his burden, the claimant must then prove he cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "the overall burden of demonstrating the existence of a

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (citation omitted).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations and quotation marks omitted). In gauging whether substantial evidence bolsters the Commissioner's decision, a court may not decide the facts anew, make credibility determinations, or reweigh the evidence. *Viverette*, 13 F.4th at 1314 (citation omitted); *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). While a court will defer to the Commissioner's factual findings, it will not defer to his legal conclusions. *Viverette*, 13 F.4th at 1313–14 (citation omitted); *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

III.

The Plaintiff's sole challenge on appeal is that the ALJ erred by not considering part of a Mental Disorders Disability Benefits Questionnaire which was completed by

a Department of Veterans Affairs (VA) psychologist and which the Plaintiff now maintains amounted to a medical opinion. (Doc. 16 at 4). This challenge does not survive scrutiny.

As noted above, an ALJ's task at step four is to determine a claimant's RFC and his ability to engage in his past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545. To do so, an ALJ must decide given all the pertinent evidence before her what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. *Id.* at § 404.1545(a). In making this assessment, an ALJ must examine all medical opinions in a claimant's case record, together with the other relevant evidence. *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015) (per curiam) (citations omitted). A medical opinion is defined as "a statement from a medical source about what [a claimant] can still do despite [the claimant's] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions" relating to his ability to perform "physical," "mental," or "other demands of work" and "to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2).

The Plaintiff here asserts that the Questionnaire filled out by the VA psychologist constitutes a medical opinion because the psychologist states on one of the pages—which is titled "remarks"—that the Plaintiff "reports . . . loss of interest," "poor concentration," "irritability," "being anxious and on edge when he goes out," "fear[ of] Muslim women[,]" "hypervigilan[ce] at home," and "fear[ ] of going out

places." (R. 1406). The psychologist also states in the "remarks" section that the Plaintiff "[r]eports [that] his job hunting and ability to hold a job [are] significantly impacted by his service connection issues, such as his asthma and migraine headaches which cause him problems staying and falling asleep." *Id.*

The flaw in the Plaintiff's argument is that the above cited comments do not include any judgment by the psychologist "about what [the Plaintiff's] abilities are despite [his] impairment[s]." *Taylor v. O'Malley*, 2025 WL 4033266, at *4 (N.D. Fla. Dec. 16, 2025), *report and recommendation adopted,* 2026 WL 87713 (N.D. Fla. Jan. 12, 2026); *see also Romero v. Comm'r of Soc. Sec.*, 752 F. App'x 906, 908 (11th Cir. 2018) (per curiam) (finding that the medical records at issue did not address the claimant's capacity to work because they "mention[ed] only [the claimant's] physical complaints, his medical history, the results of his physical examinations and laboratory tests, and recommendations for and responses to treatment"); *Lara v. Comm'r of Soc. Sec.*, 705 F. App'x 804, 812 (11th Cir. 2017) (per curiam) (concluding that the ALJ was not required to consider treatment notes which did not contain "judgments about the nature and severity of [the claimant's] impairments"). The lack of any such assessment in the Questionnaire is fatal to the Plaintiff's challenge.

IV.

Based upon the foregoing, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk is directed to enter Judgment in the Defendant's favor, to terminate any pending motions and deadlines, and to close the case.

SO ORDERED in Tampa, Florida, this 31st day of August 2026.

Christopher P. Tuite
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record